IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Azael Dythian Perales, | ) | C/A No.: 3:17-3077-JFA-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| United States of America, et al. | ) | |
| Defendant. | ) | |

Azael Dythian Perales ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action against the United States of America, *et al.* [ECF No. 1]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

Plaintiff filed a 40-page complaint that is primarily composed of a list of related cases and the names of persons and entities he identifies as defendants, including the President of the United States, his cabinet, United States senators, corporations, and state agencies. [ECF No. 1]. Plaintiff's complaint also references veterans' suicide statistics, the popularity of Japanese cars in America, school desegregation, and other unrelated facts. *Id.* In the final two pages of the complaint, Plaintiff cites to Article III, Section II of the United States Constitution and 42 U.S.C. § 1983 and he states, "[t]he mere statutory

injury-in-law—standing alone—is sufficient to satisfy Article III injury." *Id.* at 39–40. Plaintiff does not request specific relief from the court.

A search on PACER reveals that during the last eight years, Plaintiff has filed over 90 civil actions in federal courts throughout the country.[1] A review of a representative group of these cases reveal cases similar to the complaint filed in this case, i.e., pleadings that involve multiple defendants, disjointed factual excerpts, and incomprehensible legal claims and constitutional violations.

II. Discussion

A. Standard of Review

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that an action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

---

[1] https://pcl.uscourts.gov/view?sort=cs_date_filed&rid=MfpiPV8iu2mmGxox9255Lr5ixTq45O1eI8uKq00s&page=2&reverse=1 (last visited November 28, 2017).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff's complaint lacks sufficient factual allegations to state any plausible

claims against defendants, as Plaintiff fails to provide the court with any factual background for his claims. [ECF No. 1]. Instead, Plaintiff's complaint consists of nonsensical statements that fail to state a federal cause of action. Federal courts are not required to be "mind readers" or advocates for pro se litigants when construing pro se pleadings, *see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), and the court may dismiss a complaint as frivolous where it lacks an arguable basis in law or in fact. *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (noting a federal court lacks subject matter jurisdiction over a complaint raising claims "'so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy'") (citation omitted). As Plaintiff's complaint fails to state a claim upon which relief may be granted, it is subject to summary dismissal. *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (statute allowing dismissal of in forma pauperis claims "encompasses complaints that are either legally or factually baseless").

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

November 28, 2017                    Shiva V. Hodges
Columbia, South Carolina             United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).